**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **HOPE KNAUST and STANLEY KNAUST,** § § § | |
| Plaintiffs, § § | |
| v. § § | CIVIL No. 3:11-CV-1460-BF |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. Before the Court for consideration is the United States Department of Agriculture's ("USDA's" or "Defendant's") Motion to Dismiss the Complaint of Hope Knaust and Stanley Knaust ("Plaintiffs") for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) ("Motion," doc. 6). Plaintiffs filed a response to the Motion (doc. 12).

## Background

Plaintiffs brought suit against Defendant on or about July 6, 2011, claiming that Defendant violated the Due Process guarantee of the Fifth Amendment by "seizing Plaintiffs' exotic animals without providing a method for challenging this seizure." (Doc. 1 at ¶ 5.2.) Congress has charged the USDA with enforcement of the Animal Welfare Act, as amended (7 U.S.C. §§ 2131-2159), which provides that the "Secretary [of Agriculture] shall promulgate such rules and regulations as he deems necessary to permit inspectors to confiscate or destroy in a humane manner any animal found to be suffering as a result of a

failure to comply with any provision of this chapter or any regulation or standard issued thereunder . . . if such animal is held by an exhibitor." 7 U.S.C. § 2146(a); *see also* 9 C.F.R. § 2.129.

## **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The trial court must first determine whether the defendant has made a facial or factual attack on a plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a facial attack by merely filing a Rule 12(b)(1) motion, in which case "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id.* On the other hand, a defendant makes a factual attack by submitting "affidavits, testimony, or other evidentiary materials," in which case a plaintiff must "submit facts through some evidentiary method and has the burden of proving

by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.* Here, Defendant has made a facial attack based upon the allegations of the Complaint.

## Waiver of Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I. C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Moreover, any such waiver "must be 'construed strictly in favor of the sovereign.'" *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992).

## Analysis

Defendant cites *Hemingway Home & Museum v. United States Dep't of Agriculture* in which the district court granted a motion to dismiss because the Animal Welfare Act (the"Act"), 7 U.S.C. § 2146(c), does not contain an express waiver of sovereign immunity. No. 06-10077, 2006 WL 3747343, at *2 (S.D. Fla. Dec. 18, 2006) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Plaintiffs contend that the *Hemingway* court did not sufficiently analyze this subsection and did not cite any other authority to the same effect. Although *Hemingway* is not precedential authority for this Court, the Court finds that *Hemingway* is persuasive. The only paucity of citations concerning waiver of immunity is with respect to cases discussing this particular section of the Act. Courts need only look to United States Supreme Court precedent to find a clear expression of the law with respect to the necessity for an express waiver of sovereign immunity.

3

A thorough analysis of the subsection itself reveals that an express waiver of sovereign immunity is not unequivocally expressed in the statutory text. The subsection Plaintiffs rely upon as a waiver of sovereign immunity provides:

> The United States district courts . . . are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, except as provided in section 2149(c) of this title.[1]

7 U.S.C.A. § 2146 (c). Plaintiffs state it would make very little sense if the USDA was immune from suit when the statute states that the district court's "have jurisdiction in all other kinds of cases arising under this chapter." (Def.'s Br. at 4.) Plaintiffs engage in speculation, surmise, or conjecture to reach this assumption. The Court disagrees with Plaintiffs' assumption because this section does not contain the government's consent to be sued. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). When there is any doubt, waiver will not be found because waiver cannot be implied, assumed, or based upon speculation, surmise, or conjecture. *United States v. King,* 395 U.S. 1, 4 (1969). The government's sovereign immunity may not be modified by implication. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 683–85 (1983). "A waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.' " *United States v. Testan*, 424 U.S. 392, 399 (1976), quoting *United States v. King*, 395 U.S. 1, 4

---

[1] 7 U.S.C. 2149(c) provides for exclusivew jurisdiction in the Court of Appeals from certain orders of the Secretary of the Department.

(1969).

The ambiguous language granting district courts jurisdiction in all other kinds of cases is not a clear, concise, and unequivocal waiver of immunity. The Court lacks jurisdiction because Defendant has not waived its sovereign immunity. Accordingly, Defendant's Motion to Dismiss Plaintiffs' claims that Defendant violated the Due Process guarantee of the Fifth Amendment is granted. Plaintiffs' Due Process claims are dismissed with prejudice based upon Defendant's sovereign immunity.

### *Bivens* Claim

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court pursuant to 28 U.S.C. § 1331, the statute which provides for federal question jurisdiction. "*Bivens*, of course, is the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States,* No. 4:06-CV-0426-Y, 2006 WL 3831227, at * 1 n. 8 (N.D.Tex. Dec.27, 2006); *see also Izen v. Catalina,* 398 F.3d 363, 367 n. 3 (5th Cir. 2005) (per curiam). Consequently, to state a viable claim under *Bivens,* a plaintiff must show that a defendant has deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Cf. Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994) (stating that 42 U.S.C. § 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the

5

United States"). Nevertheless, a *Bivens* claim may not be brought against a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).

Defendant seeks dismissal of Plaintiffs' *Bivens* claim on the ground that it may not be brought against an agency. Plaintiffs concede that their complaint fails to state a *Bivens* claim against Defendant. (Pl.s' Br. at 4.) However, Plaintiffs request that the Court not dismiss the *Bivens* claim without allowing them the opportunity to replead the claim by filing an amended complaint and adding certain individual defendants. The Court agrees that dismissal of the entire action is not be warranted yet in light of the fact that a scheduling order has not been entered, and Plaintiffs have requested to file an amended complaint.

## **Conclusion**

The Court lacks subject-matter jurisdiction to decide Plaintiffs' claims against Defendant. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted. Plaintiffs' claims against Defendant are dismissed with prejudice. The Court finds no reason for delay and will enter a judgment for Defendant.

The Court grants Plaintiffs thirty days from the date of this order to file a First

Amended Complaint adding new parties and claims.  Accordingly, the Clerk of Court shall not administratively close the case at this time.

    SO ORDERED, May 14,  2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).