Case 3:11-cv-01460-BF Document 44 Filed 11/19/13 Page 1 of 4 PageID 161

```
                                                    U.S. DISTRICT COURT
                                                  NORTHERN DISTRICT OF TEXAS
                                                           FILED

                                                         NOV 18 2013

                                                  CLERK, U.S. DISTRICT COURT
                                                  By _____
                                                              Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOPE KNAUST and STANLEY KNAUST, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:11-CV-1460-BF |
| CYNTHIA DIGESUALDO, DONOVAN FOX, DENISE SOFRANKO, and GREGORY PARHAM, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Defendants Cynthia Digesualdo, Donovan Fox, Denise Sofranko, and Gregory Parham have filed a motion to dismiss this civil action under Fed. R. Civ. P. 12(b)(6). For the following reasons, the Defendants' motion is granted.

### Factual and Procedural Background

This is a civil rights action brought by Plaintiffs Hope Knaust and Stanley Knaust against four employees of the United States Department of Agriculture ("USDA") under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiffs operate a USDA-licensed exotic animal business in Terrell, Texas known as the "Lucky Monkey." Plf. Am. Compl. at 2, ¶ 4.1.[1] On or around February 19, 2010, Inspector Donovan Fox, an agent with the USDA's Animal and Plant Health Inspection Service ("APHIS"), visited the Lucky Monkey and cited Plaintiffs for violations of several USDA regulations. *Id.* at 3, ¶ 4.4. Over the next several weeks, Fox and other APHIS

---

[1] The facts are taken from Plaintiff's First Amended Original Complaint (Doc. 18) and are assumed to be true for purposes of the motion to dismiss. *See Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

agents including Veterinary Medical Officer Cynthia Digesualdo conducted further inspections at the Lucky Monkey and cited Plaintiffs for additional violations. *Id.*, ¶¶ 4.5-4.7. Plaintiffs attempted to correct the violations at the Lucky Monkey, but APHIS agents ultimately seized almost all of Plaintiffs' exotic animals. *Id.* at 4. ¶ 4.9. APHIS Regional Directory Denise Sofranko signed the Notice to Confiscate Plaintiffs' animals on March 4, 2010, and agent Gregory Parham signed the actual confiscation order. *Id.* at 3, ¶ 4.6. USDA employees executed the confiscation order on March 5, 2010. *Id.* at 4, ¶ 4.9.

Plaintiffs filed the instant lawsuit on July 6, 2011 against the USDA alleging that the seizure of their exotic animals violated their rights to due process under the Fifth Amendment to the United States Constitution. Specifically, Plaintiffs alleged that Defendants seized their exotic animals without providing a method for challenging the seizure or giving them adequate time to cure the regulatory violations. The Court determined that it lacked subject matter jurisdiction over Plaintiffs' claims against the USDA and dismissed the case with prejudice. However, the Court allowed Plaintiffs to amend their complaint to assert a *Bivens* claims. Plaintiffs filed their amended complaint against the individual USDA agents on July 13, 2012. Defendants now move to dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failing to state a cognizable *Bivens* claim. The issues have been fully briefed, and the motion is ripe for determination.

## Legal Standards

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face [,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.'" *Id.* (quoting Fed.R.Civ.P. 8(a)(2))

### Analysis

*Bivens* establishes a common-law right to recover for alleged constitutional violations from individual federal officers. *See id.*, 403 U.S. at 396-97. It is the federal counterpart to 42 U.S.C. § 1983, and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at * 1 n.8 (N.D. Tex. Dec .27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005) (per curiam). However, no such remedy is available against the officer's employer, the United States, or any federal agency. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (*Bivens* remedy lies only against the individual officer).

The gravamen of Plaintiffs' complaint is that Defendants' conduct in seizing their animals without providing a method for challenging the seizure or allowing adequate time to cure the regulatory violations prior to the seizure violates due process. *See* Plf. Resp. Br. at 1, 4; *see also* Plf.

3

Am. Compl. at 5, ¶ 5.2. Congress has charged the USDA with enforcement of the Animal Welfare Act, as amended, 7 U.S.C. §§ 2131-2159, which provides that the "Secretary [of Agriculture] shall promulgate such rules and regulations as he deems necessary to permit inspectors to confiscate ... any animal found to be suffering as a result of a failure to comply with any provision of this chapter or any regulation or standard issued thereunder ... if such animal is held by an exhibitor." 7 U.S.C. § 2146(a); see also 9 C.F.R. § 2.129. Plaintiffs claims are properly construed as claims against the USDA. Indeed, their allegations against the individual Defendants are substantially identical to the allegations previously asserted against the USDA. Compare Plf. Orig. Compl. (Doc. 1) at 2-5, ¶¶ 4.1-5.4 with Plf. Am. Compl. at 2-5, ¶¶ 4.1-5.4. Plaintiffs cannot avoid dismissal by recasting their claims against the agency as a Bivens action. Because Plaintiffs cannot sue the USDA under Bivens, their complaint must be dismissed for failure to state a claim upon which relief can be granted. See Knaust v. U.S. Dep't of Agric., No. 3:11-CV-1460-BF, 2012 WL 1670166 (N.D. Tex. May 14, 2012).

## Conclusion

Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 37) is GRANTED. Plaintiffs' claims against Defendants are DISMISSED with prejudice.

SO ORDERED, November 19, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

4